# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DORIS HOLLEY | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PX-17-2423 |
| ALLISON CRISTMAN and UNITED STATES OF AMERICA | * | |
| | * | |
| Defendant | | |

\*\*\*

## MEMORANDUM OPINION

This case was removed to this Court on August 23, 2017, by motion of the United States, from the District Court of Maryland for Prince George's County. ECF No. 1. The complaint concerns a claim for defamation against Allison Cristman, an employee of the United States Department of Health and Human Services (DHHS), whose assigned work detail is the National Institutes of Health's Office of Acquisition, Office of Management, National Heart, Lung, and Blood Institute. *See* ECF No. 9-3 at p. 1 (Memorandum in Support of Motion to Dismiss). Plaintiff Doris Holley, who is self-represented, claims that Cristman defamed her on June 20, 2017, in a letter addressed to Lara Langley, the Vice President of Bantu, Inc. ECF No. 2 at p. 1 (State District Court Complaint). The United States certifies that Cristman was acting within the scope of her employment with the federal government when she wrote and sent the letter in question. ECF No. 9 at Ex. 1.

After removing the case to this Court, the United States filed a Motion to Dismiss for lack of jurisdiction based on Holley's failure to comply with the jurisdictional prerequisites for filing a Federal Tort Claims Act (FTCA). ECF No. 9 (Motion to Dismiss). Holley was advised in a letter sent from the Clerk of this Court that she had a right to file an Opposition Response to

the Motion to Dismiss and that failure to do so would result in dismissal of the complaint. ECF No. 10. Despite the fact the letter was mailed to the address Holley indicates is her current address on all of the documents filed in this case, the letter from the Clerk was returned for "insufficient address." ECF No. 11.

The claim stated by Holley is appropriately construed as one filed under the FTCA. As such, the United States of America must be substituted as the defendant in this action. *See* 28 U.S.C.§ 2679(d)(1) (authorizing the Attorney General to issue a certification that the defendant employee was acting within the scope of federal employment and requiring the United States to be substituted for the party defendant). Under the FTCA, the United States is liable, as a private person, for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment." 28 U.S.C. § 1346(b) (1994). As a waiver of sovereign immunity, the FTCA is to be narrowly construed. *See United States v. Nordic Village, Inc*., 503 U. S. 30, 34 (1992). Immunity is not waived for any claim based upon "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(d). It is well-settled that the requirement of filing an administrative claim is jurisdictional and may not be waived. *Kielwien v. United States*, 540 F.2d 676, 679 (4th Cir. 1976), *see also* 28 U.S.C. § 2401 (time requirements for the filing of an administrative claim and commencement of a civil suit).

In support of its Motion to Dismiss pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, the United States provides a declaration stating that a search of the computerized database maintained by the Claims Branch of the DHHS revealed that Holley filed no

administrative tort claims in connection with the claim raised in the complaint. ECF 9-2 (Declaration of Meredith Torres). Holley's failure to do so deprives this Court of jurisdiction to hear the merits of her claim. Moreover, claims such as Holley's alleging libel and slander are not actionable under the FTCA. *See* 28 U.S.C. § 2680(h); *see also Talbert v. United States*, 932 F. 2d 1064, 1067 (4th Cir. 1991)(Federal employee's claim for negligent record keeping is barred by the libel and slander exemption of the FTCA). Thus, it is clear that even if Holley had filed a response opposing the motion to dismiss, the complaint must be dismissed for want of jurisdiction.

A separate Order, substituting the United States as Defendant and dismissing the complaint for lack of jurisdiction, follows.

Dated: September 13, 2017                                         /s/
                                                            PAULA XINIS
                                                            United States District Judge